# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL DUANE STRAIN,<br><br>　　　　Defendant. | No. 11-cr-2039-CJW<br><br>**ORDER RE: MOTION TO PROCEED PRO SE** |

_____

On July 18, 2019, this matter came on for hearing on the Government's motion to detain Defendant. The Government was represented by Assistant United States Attorneys Richard Murphy and Anthony Morfitt. Defendant was personally present and represented by Assistant Federal Public Defender Samuel Cross. Defendant was detained pursuant to a separate order.

At Defendant's initial appearance and arraignment, the Court was advised Defendant desired to represent himself. The Court declined to address the motion at that time, appointed Mr. Cross to represent him, and requested Defendant confer with his court-appointed counsel regarding the advisability of self-representation. Therefore, at the commencement of the detention hearing, the Court made inquiry of Mr. Cross regarding whether Defendant still desired to proceed pro se. Mr. Cross confirmed Defendant had conferred with him and still desired to proceed pro se.

The Court attempted a colloquy with Defendant to establish his understanding of the risks of self-representation. In response to the Court's questions, Defendant either responded with *non sequiturs* or refused to make any reply. For example, in response to the Court's question regarding whether he had been treated for any emotional or mental illness which he believed might interfere with his ability to represent himself, Defendant inquired, "Should I be intimidated by you communists?" In response to another inquiry,

Defendant referred to the proceedings as a "kangaroo court." The Court advised Defendant that he would be permitted to make the legal arguments he wished, but that he would not be permitted to disrupt the proceedings.

Despite Defendant's persistent refusal to respond, the Court attempted to determine if Defendant understood the charges against him, the consequences that could arise from a guilty verdict, the complexity of the sentencing guidelines and other reasons that make self-representation inadvisable. Defendant's refusal to respond was consistent with his behavior at his initial appearance at which he refused to respond to the Court's inquiries other than by *non sequiturs*.

The Eighth Circuit addressed a similar refusal by a defendant to demonstrate his basic competence in *United States v. Krug*, 822 F.3d 994, 1000 (8th Cir. 2016):

> The Sixth Amendment grants a defendant the right to self-representation, *Faretta v. California,* 422 U.S. 806, 819–20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but that right is not absolute. *United States v. Edelmann,* 458 F.3d 791, 808 (8th Cir.2006). The defendant must understand the consequences of proceeding pro se and be competent to stand trial as evidenced by an understanding of the nature of the legal proceedings against him. *See United States v. Turner,* 644 F.3d 713, 720–21 (8th Cir.2011). Moreover, the right to self-representation may be denied or terminated "when the defendant engages in serious obstructionist misconduct." *United States v. Mosley,* 607 F.3d 555, 558 (8th Cir.2010) (citations omitted). The "government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer," *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), and a "defendant is not entitled to use the right of self-representation 'as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process.'" *Mosley,* 607 F.3d at 558 (quoting *Edelmann,* 458 F.3d at 808–09).

I find the case at bar similar to *Krug*. Under these circumstances, the Court is unable to determine whether Defendant's attempted waiver of his right to counsel is knowing and voluntary, and therefore his motion to proceed pro se is **denied** without prejudice.

IT IS SO ORDERED this 19th day of July, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa